# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

Rosanna L. Miller,                                :
                                                  :
                    Plaintiff Pro Se,             :
                                                  :   Case No: 2-21-CV-03973
                                                  :
v.                                                :
                                                  :   Judge Algernon L. Marbley
                                                  :
Ohio Civil Rights Commission, Melody              :
Smith; Cornerstone Therapy; Orthopedic            :   Magistrate Judge Chelsey M. Vascura
One; Mount Carmel Medical Group,                  :
                                                  :
                    Defendants.                   :

## MOTION FOR SUMMARY JUDGMENT BY DEFENDANT ORTHOPEDIC ONE

Now comes the Defendant, Orthopedic One, and moves the Court, pursuant to Rule 56 of

the Federal Rules of Civil Procedure for summary judgment as to all claims brought by the Plaintiff

against Defendant Orthopedic One.  The reasons for this Motion are more fully set forth in the

accompanying Memorandum.

                    RESPECTFULLY SUBMITTED,


                    FREDERICK A. SEWARDS    0046647
                    Counsel for Defendant Orthopedic One
                    **POLING LAW**
                    300 E. Broad St., Ste. 350
                    Columbus, OH 43215
                    Phone:  614-737-2900 / Fax:  614-737-2929
                    fsewards@Poling-law.com

<u>**DEFENDANT ORTHOPEDIC ONE'S MEMORANDUM IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT**</u>

**I.** <u>**PLAINTIFF'S DISABILITY DISCRIMINATION CLAIM FAILS BECAUSE
PLAINTIFF WAS NOT DENIED ACCESS TO DEFENDANT ORTHOPEDIC
ONE'S FACILITIES OR SERVICES.**</u>

Co-Defendant Mount Carmel Medical Group has provided excellent recitation of facts and

legal analysis. Defendant Orthopedic One will rely and borrow much of that analysis herein.

Plaintiff Rosanna Miller ("Plaintiff") first alleges that Defendant Orthopedic One

("Orthopedic One") violated the Americans with Disabilities Act ("ADA") and R.C. §4112 by

refusing to permit her to attend in-person appointments without a face mask. (*Complaint*, ECF, 7

at PageID 142). Plaintiff is incorrect.

To allege disability discrimination for denying a public accommodation, Plaintiff had to

allege facts establishing: (1) she is disabled within the meaning of the ADA; (2) Orthopedic One

is a private entity that owns, leases, or operates a place of public accommodation; (3) Orthopedic

One took an adverse action against Plaintiff that was based on her disability; and (4) Orthopedic

One failed to make reasonable modifications that would accommodate Plaintiff's disability

without fundamentally altering the nature of the public accommodation. (Mtn. Dismiss, ECF, 8 at

PageID 160-161); *see Powell v Bartlett Med. Clinic & Wellness Ctr.*, No. 2:20-CV-02118, 2021

WL 243194, at *8 (S.D. Ohio Jan. 25, 2021). Plaintiff did not allege facts in her Complaint that

demonstrate Orthopedic One failed to make a reasonable modification to accommodate Plaintiff's

alleged disability. (*See* Mtn. Dismiss, ECF, 8 at PageID 161-162). In fact, the opposite is true.

As Plaintiff admitted in her *Complaint*, Orthopedic One permitted her to attend her appointments

virtually via telehealth or in-person with a mask. (*Complaint*, ECF, 7 at PageID 142,148). Thus,

even accepting Plaintiff's allegations as true, her disability discrimination claim fails as a matter

of law because she was not denied an accommodation. Moreover, the Plaintiff has admitted these

facts to be true as set forth below. Moreover, the Plaintiff has admitted these facts to be true as set forth below.

## II.    STATEMENT OF FACTS

On September 28, 2021, Orthopedic One served its Request for Admissions to Plaintiff which were served on Plaintiff by email and regular U.S. Mail, postage prepaid, as required under the Federal Rules of Civil Procedure. (*See* Exhibit 2 – Affidavit of Attorney Frederick A. Sewards).

Pursuant to Rule 36 for the Federal Rules of Civil Procedure, Plaintiff had 30 days to respond to the Request for Admissions. Plaintiff never responded to the Request for Admissions. (*See* Affidavit of Attorney Frederick A. Sewards attached hereto as Exhibit 2).

As set forth below, the result of Plaintiff's failure to respond to the Request for Admissions is an admission of each and every request. Attached hereto as Ex. 1 is a copy of Orthopedic One's Request for Admissions to Plaintiff which are also being filed separately for the record.

The following facts are admitted by Plaintiff to be true:

1) Rosanna L. Miller first called Orthopedic One for an appointment for medical evaluation on March 13, 2020.

2) On March 23, 2020, Rosanna L. Miller had a new patient appointment with orthopedic surgeon, Jason R. Ferrel, M.D.

3) On March 23, 2020, Rosanna L. Miller received a diagnosis, medical treatment and recommendations for medical studies to further evaluate her medical condition.

4) On March 23, 2020, Rosanna L. Miller was offered the option of obtaining a second opinion for diagnosis and treatment for her medical condition.

5) On March 26, 2020, Rosanna L. Miller had an appointment with Orthopedic One surgeon for her medical condition and a diagnosis was made.

6) On March 26, 2020, Rosanna L. Miller was provided with treatment for a medical condition.

7) On April 24, 2020, Rosanna L. Miller arrived at the offices of Orthopedic One but refused to wear a mask in accordance with Centers for Disease Control recommendations.

8) On April 24, 2020, the Orthopedic One medical secretary attempted twice to set Rosanna L. Miller up for a telemedicine visit to review Rosanna L. Miller's test results, but Rosanna L. Miller refused the offer of a telemedicine visit.

9) Orthopedic One staff offered to provide Rosanna L. Miller with a mask while Rosanna L. Miller was at the Orthopedic One facility, but Rosanna L. Miller refused to wear a mask.

10) On May 26, 2020, Rosanna L. Miller did participate in a telemedicine visit with Orthopedic One to discuss Rosanna L. Miller's test results.

11) On July 1, 2020, Rosanna L. Miller contacted Orthopedic One regarding a follow up appointment on July 7, 2020, but Rosanna L. Miller canceled the appointment because she refused to wear a mask in accordance with recommendations of the Centers for Disease Control.

12) On July 1, 2020, Rosanna L. Miller was offered to participate in a telemedicine visit instead of an in-person visit which would require that Rosanna L. Miller wear a mask.

13) On July 2, 2020, an Orthopedic One medical secretary called Rosanna L. Miller to again offer Rosanna L. Miller of the option for a telemedicine visit which she refused.

14) After July 2, 2020, Rosanna L. Miller made no further contact with Orthopedic One.

Rule 36 of the Federal Rules of Civil Procedure provides, in pertinent part, the following:

> (a)(1) Scope.  A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:
>
>> (A) Facts, the application of law to fact or opinions about either . . .
>
> . . .
>
> (a)(3) Time to respond: Effect of not responding.  A matter is admitted unless within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.

Exhibit 1 hereto included a specific instruction to Plaintiff that she had 30 days in which to respond. Plaintiff failed to respond in any way within the 30 days required by Rule 36 of the Federal Rules of Civil Procedure.

## III.   LEGAL ARGUMENT

### A.   Legal Standard

Federal Rule of Civil Procedure 56 governs motions for summary judgment. Summary judgment is appropriate if "there is no genuine issue as to any material fact" and "the movant is entitled to judgment as a matter of law." Fed.R.Civ.R. 56(c)(2). In a motion for summary judgment, the movant has the burden of showing that no genuine issues of material fact are in dispute and the evidence, together with all inferences that can permissibly be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. LTD v. Zenith Radio Corp.,* 475 US 574, 585-87 (1986).

The movant may support a motion for summary judgment with affidavits or other proof or by exposing the lack of evidence on an issue for which the non-moving party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 US 317, 322-24 (1986). In responding to a summary judgment motion, the non-moving party may not rest upon the pleadings but go beyond the pleadings and "present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson v Liberty Lobby, Inc.,* 477 US 242, 257 (1986). The Court's task is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Liberty Lobby,* 477 US at 249.

Herein, Plaintiff has admitted the facts recited in the Statement of Facts above. There is no genuine issue of material fact as to these matters.

5

**B.    There Are No Facts To Support Plaintiff's Disability Discrimination Claims Against Orthopedic One Because Plaintiff Was Not Denied Access To Orthopedic One's Facilities Or Services.**

Title III of the ADA and the Ohio Revised Code prohibit discrimination on the basis of disability in places of public accommodation. 42 U.S.C. §12182(a); R.C. §4112.02(G); *see also Columbus Civ Serv. Comm'n v. McGlone,* 82 Ohio St. 3d 569, 573, 697 N.E.2d 204 (Ohio 1998). ("The federal Americans with Disabilities Act ('ADA') is similar to the Ohio handicap discrimination law. We can look at regulations and cases interpreting the Federal Act for guidance in our interpretation of Ohio law." Under the ADA and Ohio Revised Coe, to show disability discrimination for denying a public accommodation, Plaintiff must show: (1) she is disabled within the meaning of the ADA, (2) Orthopedic One is a private entity that owns, leases, or operates a place of public accommodation, (3) Orthopedic One took an adverse action against Plaintiff that was based on her disability, and (4) Orthopedic One failed to make reasonable modifications that would accommodate Plaintiff's disability without fundamentally altering the nature of the public accommodation. *Powell,* 2021 WL 243194, at *8 (citation omitted).

Moreover, the court must consider whether Plaintiff's request to forego a mask during the global COVID-19 pandemic is: (1) reasonable, (2) necessary for her, and (3) would fundamentally alter the nature of the activity at issue. *See Access Ctr. For Indep. Living v. WP Glimcher, Inc.,* No. 3:15-CV-444, 2018 WL 2763453, at *4 (S.D. Ohio June 8, 2018)(citing *PGA Tour, Inc. v Martin, Inc.* defined "necessary" as " 'indispensable, vita, essential,; requisite' " and " 'absolutely needed: required.' " *Id.* at *4.

Here, Orthopedic One repeated offered Plaintiff the option of having an in-person appointment with an Orthopedic One surgeon with a mask or to participate in a telemedicine visit to review Plaintiff's test results. Plaintiff refused to wear a mask, but did participate in the

6

telemedicine visit on May 26, 2020. Plaintiff contacted Orthopedic One for a follow up appointment, but she cancelled that appointment because she refused to wear a mask in accordance with the recommendation of the Centers for Disease Control. Again, on July 1, 2020, Plaintiff was offered to participate in a telemedicine visit instead of an in-person visit to follow up on her previous visit. She was offered the option a second time and refused. She made no further contact with Orthopedic One.

Plaintiff's refusal to wear a face mask is not based on necessity. Rather, her refusal appears to be motivated by other convictions. Plaintiff states, "[m]ake no mistake; all of these medical gimmicks are only experimental. If the God Petitioner serves wanted her (or anybody) to wear a mask, He would have created people with one. . .Causing pain for experimental interventions or procedures without consent is the equivalent of the Nazi Holocaust. . ." (*Complaint* ¶¶ 23, 37).

Further demonstrating Plaintiff's request is neither necessary nor reasonable, Plaintiff admits "[t]he reason that Charging Party did not accept the telehealth offered, was because the Charging Party would not have equal access." (*Complaint* Exhibit 1, pg. 2). Plaintiff did not reject telehealth because it was ineffective or because she "required" in-person procedures. *See Access Ctr. For Indep. Living,* 2018 WL 2763453, at *4. Plaintiff rejected it for a perceived inequality that does not exist.

Plaintiff's discrimination claim concerns less her access to Orthopedic One's facilities and more the rejection of her preferred choice of medical treatment for her alleged breathing disability, in-person appointments without a mask. Plaintiff states, "[i] procreation is a fundamental right how did we lose the right to choose our medical treatment?" (*Complaint* ¶20). Further, as established through the Admissions of Plaintiff, she received in-person care with an Orthopedic One surgeon, but simply refused to participate in follow up assessments to review her care by

telemedicine and refused to do so with a mask in person. However, as this court, and many other courts have explained, the ADA does not provide a general cause of action to challenge the sufficiency of the medical of the medical treatment for the underlying disability. *See, e.g., Powell,* 2021 WL 243194, at **8-9. In sum, Plaintiff has failed to allege facts that demonstrate her request to forego a face mask is both reasonable and necessary. Accordingly, Orthopedic One should receive summary judgment on Plaintiff's claims based on the ADA and R.C. §4112.

**C.      There Is No Factual Basis To Support Plaintiff's Claim For Violation Of Informed Consent Because Plaintiff Did Not Participate In An Experiment.**

Next, Plaintiff alleges that Orthopedic One forced her into an experiment by requiring she wear a face mask and did not provide her with informed consent. (*Complaint* ¶22-23). Plaintiff is incorrect.

Plaintiff broadly alleges that "[f]orcing people into experiments without informed consent is illegal and violates federal and international laws including the Nuremburg code." (*Complaint* ¶22). Yet, Plaintiff alleges no facts demonstrating that she in fact participated in a research experiment conducted by Orthopedic One. (*See generally Complaint*). While Plaintiff alleges face masks are "medical gimmicks" or "experimental," even assuming this is true, her allegations do not transform Orthopedic One's face mask policy into an "experiment." (*See Complaint* ¶23).

Plaintiff fails to allege she participated in a research experiment that required informed consent under C.F.R. ¶46.116. Rather, Plaintiff sought medical treatment at Orthopedic One during the pandemic and, Orthopedic One offered her accommodations of either telehealth or an in-person appointment with a face mask. (*Complaint* Exhibit 1, pg. 1-2). Plaintiff refused both. (*Complaint* Exhibit 1, pg. 1-2). By Plaintiff's own admission, she refused to participate in the alleged "experiment" because she did not wear a face mask when visiting Orthopedic One.

8

Because there are no facts establishing that Orthopedic One was required to provide informed consent or that the Plaintiff participated in "an experiment," Orthopedic One should receive summary judgment on this claim.

Additionally, Plaintiff has admitted that she sought an orthopedic surgery consultation which participated in in-person and then sought to have a follow up visit to review testing results, but refused to wear a mask in-person and refused to participate in a telemedicine conference that was offered to her multiple times.

**D.** **Orthopedic One Should Receive Summary Judgment on Plaintiff's Claim Alleging Mask Orders Are Illegal Because Orthopedic One Is Not A State Actor.**

Plaintiff's next claim alleging that the State of Ohio's mask orders were illegal appears to challenge whether Ohio was able to implement a mask mandate. (*Complaint* ¶¶25-26). It is unclear why Plaintiff believes Orthopedic One may be liable under this claim because Orthopedic One is not a state actor and Plaintiff has not made such an allegation. Further, Plaintiff alleges no facts against Orthopedic One to raise a "plausible" inference that Orthopedic One committed any wrongdoing as it relates to the mask orders. Clearly, Plaintiff's admissions stated above indicate that she sought care and treatment with Orthopedic One which is not the State of Ohio. Accordingly, summary judgment should be granted in favor of Orthopedic One.

**E.** **Orthopedic One Should Receive Summary Judgment On Plaintiff's Claim Alleging Retaliation Because Her Admitted Facts Do Not Establish A Protected Activity Or Causation.**

Plaintiff alleges that "Respondents" and "Resp III" violated the ADA by engaging in retaliatory and/or coercive acts. (*Complaint* ¶¶28-32, 36). This claim, like Plaintiff's previous claims, also fails and her admitted facts to not support this claim.

To demonstrate retaliation under the ADA, Plaintiff must show: (1) she engaged in activity protected under the ADA; (2) Orthopedic One knew of this protected activity; (3) Orthopedic One took an adverse action against her; and (4) there was a causal connection between the protected activity and the adverse action. *See A.C. ex rel. J.C. v Shelby Cty. Bd. Of Educ.*, 711 F3d 687, 697 (6th Cir. 2013). In order to establish causation, Plaintiff " ' must product sufficient evidence from which an inference could be drawn that the adverse action would not have been taken had the plaintiff no' engaged in protected activity." *Johnson v. Cleveland City Sch. Dist.*, 344 F. App'x 104, 113 (6th Cir. 2009)(citation omitted) (finding termination one year after plaintiff filed an OCRC charge and three months after plaintiff filed a lawsuit did not create an inference of causation). In only rare instances does temporal proximity along establish an inference of causation. *Id.*

Plaintiff's admissions demonstrate that she simply requested an appointment with an Orthopedic One surgeon to evaluate a medical condition. By her own admission, she received that appointment and consultation. Thereafter, to review the results of medical testing, she refused to participate in a telemedicine visit and refused an in-person follow up visit where she would need to wear a mask in accordance with the recommendations with the Centers for Disease Control.

None of these facts support a claim for "retaliation" as suggested in the Complaint at ¶¶28-32, 36.

F. **Orthopedic One Should Receive Summary Judgment On Plaintiff's Claim For Relief Under C.F.R. §36.504 Because the Regulation Does Not Provide Remedies For Private Causes Of Actions.**

Plaintiff alleges she is entitled to relief pursuant to C.F.R. §36.504. However, this regulation only provides relief for civil actions brought by the Attorney General pursuant to C.F.R.

§36.503 – not for private litigants, like Plaintiff. Accordingly, this "cause of action" should also result in summary judgment for Orthopedic One as no such cause of action exists.

## IV.    CONCLUSION

For the foregoing reasons, Orthopedic One requests that the Court enter summary judgment in its favor as to all claims of the Plaintiff herein.

RESPECTFULLY SUBMITTED,

FREDERICK A. SEWARDS    0046647
Counsel for Defendant Orthopedic One
**POLING LAW**
300 E. Broad St., Ste. 350
Columbus, OH 43215
Phone:  614-737-2900 / Fax:  614-737-2929
fsewards@Poling-law.com

11

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on the __17th__ day of __December__, 2021,

he electronically filed the foregoing with the Clerk of Court using the ECF/e-filing system which

will send notification of such filing to the following:

Rosanna L. Miller, Petitioner
10469 Westfall Road
Amanda, OH 43102
(by regular mail, postage prepaid)

M. J. Asensio, Esq.
Samuel E. Endicott, Esq.
Mark C. Zronek, Esq.
Baker & Hostetler, LLP
200 Civic Center Drive, Suite 1200
Columbus, OH 43215
Counsel for Defendant Mount Carmel Medical Group

Wayne D. Williams, Esq.
Principal Assistant Attorney General
Civil Rights Section
Office of Attorney General
State Office Building, 11th Floor
614 West Superior Avenue
Cleveland, OH 44113-1899
Counsel for Ohio Civil Rights Commission
And Melody Smith

Fred G. Pressley, Jr., Esq.
Arslan S. Sheikh, Esq.
Porter Wright Morris & Arthur LLP
41 S. High Street, Suite 3100
Columbus, OH 43215
Counsel for Defendant
Cornerstone Therapy


FREDERICK A. SEWARDS        0046647

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| Rosanna L. Miller, | : |
| | : |
| Plaintiffs Pro Se, | : |
| | : Case No: 2-21-CV-03973 |
| v. | : |
| | : Judge Algernon L. Marbley |
| Ohio Civil Rights Commission, Melody | : |
| Smith; Cornerstone Therapy; Orthopedic | : Magistrate Judge Chelsey M. Vascura |
| One; Mount Carmel Medical Group, | : |
| | : |
| Defendants. | : |

## DEFENDANT ORTHOPEDIC ONE, INC.'S REQUEST FOR ADMISSIONS TO PLAINTIFF

Now comes the Defendant, Orthopedic One and, pursuant to Rule 35 of the Federal Rules

of Civil Procedure, directs the following Request for Admissions to Plaintiff to be answered within

30 days of service hereof:

1. Rosanna L. Miller first called Orthopedic One for an appointment for medical evaluation on March 13, 2020.

   ADMIT _____ DENY _____

2. On March 23, 2020, Rosanna L. Miller had a new patient appointment with orthopedic surgeon, Jason R. Ferrel, M.D.

   ADMIT _____ DENY _____

3. On March 23, 2020, Rosanna L. Miller received a diagnosis, medical treatment and recommendations for medical studies to further evaluate her medical condition.

   ADMIT _____ DENY _____

Exhibit 1

4. On March 23, 2020, Rosanna L. Miller was offered the option of obtaining a second opinion for diagnosis and treatment for her medical condition.

   ADMIT _____ DENY _____

5. On March 26, 2020, Rosanna L. Miller had an appointment with Orthopedic One surgeon for her medical condition and a diagnosis was made.

   ADMIT _____ DENY _____

6. On March 26, 2020, Rosanna L. Miller was provided with treatment for a medical condition.

   ADMIT _____ DENY _____

7. On April 24, 2020, Rosanna L. Miller arrived at the offices of Orthopedic One but refused to wear a mask in accordance with Centers for Disease Control recommendations.

   ADMIT _____ DENY _____

8. On April 24, 2020, the Orthopedic One medical secretary attempted twice to set Rosanna L. Miller up for a telemedicine visit to review Rosanna L. Miller's test results, but Rosanna L. Miller refused the offer of a telemedicine visit.

   ADMIT _____ DENY _____

9. Orthopedic One staff offered to provide Rosanna L. Miller with a mask while Rosanna L. Miller was at the Orthopedic One facility, but Rosanna L. Miller refused to wear a mask.

   ADMIT _____ DENY _____

10. On May 26, 2020, Rosanna L. Miller did participate in a telemedicine visit with Orthopedic One to discuss Rosanna L. Miller's test results.

ADMIT _____ DENY _____


11. On July 1, 2020, Rosanna L. Miller contacted Orthopedic One regarding a follow up appointment on July 7, 2020, but Rosanna L. Miller canceled the appointment because she refused to wear a mask in accordance with recommendations of the Centers for Disease Control.

ADMIT _____ DENY _____


12. On July 1, 2020, Rosanna L. Miller was offered to participate in a telemedicine visit instead of an in-person visit which would require that Rosanna L. Miller wear a mask.

ADMIT _____ DENY _____


13. On July 2, 2020, an Orthopedic One medical secretary called Rosanna L. Miller to again offer Rosanna L. Miller of the option for a telemedicine visit which she refused.

ADMIT _____ DENY _____


14. After July 2, 2020, Rosanna L. Miller made no further contact with Orthopedic One.

ADMIT _____ DENY _____


RESPECTFULLY SUBMITTED,


FREDERICK A. SEWARDS   0046647
Counsel for Defendant Orthopedic One
**POLING LAW**
300 E. Broad St., Ste. 350
Columbus, OH 43215
Phone: 614-737-2900 / Fax: 614-737-2929
fsewards@Poling-law.com

3

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that a true and accurate copy of the foregoing

was served upon the following by regular US Mail and/or email this 25th day of

September, 2021.


Rosanna L. Miller, Petitioner
Proverbs2828@gmail.com
10469 Westfall Road
Amanda, OH 43102
**(by email and Regular US mail, postage prepaid)**

M. J. Asensio, Esq.
masensio@bakerlaw.com
Samuel E. Endicott, Esq.
sendicott@bakerlaw.com
Mark C. Zronek, Esq.
mzronek@bakerlaw.com
Baker & Hostetler, LLP
200 Civic Center Drive, Suite 1200
Columbus, OH 43215
Counsel for Defendant Mount Carmel Medical Group

Wayne D. Williams, Esq.
Wayne.williams@ohioattorneygeneral.gov
Principal Assistant Attorney General
Civil Rights Section
Office of Attorney General
State Office Building, 11th Floor
614 West Superior Avenue
Cleveland, OH 44113-1899
Counsel for Defendant Ohio Civil Rights Commission
And Melody Smith


Fred G. Pressley, Jr., Esq.
fpressley@porterwright.com
Arslan S. Sheikh, Esq.
asheikh@porterwright.com
Porter Wright Morris & Arthur LLP
41 S. High Street, Suite 3100
Columbus, OH 43215

4

Counsel for Defendant
Cornerstone Therapy


FREDERICK A. SEWARDS          0046647

5

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

Rosanna L. Miller,                                              :
                                                               :
           Plaintiffs Pro Se,                        :
                                                               :  Case No: 2-21-CV-03973
    v.                                                   :
                                                               :  Judge Algernon L. Marbley
Ohio Civil Rights Commission, Melody Smith;                    :
Cornerstone Therapy; Orthopedic One; Mount                     :  Magistrate Judge Chelsey M. Vascura
Carmel Medical Group,                                          :
                                                               :
           Defendants.                              :

## AFFIDAVIT OF FREDERICK A. SEWARDS

        Frederick A. Sewards, Esq., being first duly cautioned and sworn, deposes and states as follows:

        1.    I am counsel of record for Defendant Orthopedic One, Inc. I have personal knowledge as to all matters stated herein.

        2.    On September 28, 2021, I served, by email and regular U.S. Mail, postage prepaid, a set of Request for Admissions to the Plaintiff which are attached as Exhibit 1 to Orthopedic One's Motion for Summary Judgment.

        3.    Rule 36 of the Federal Rules of Civil Procedure allows a party 30 days to respond to the Request for Admissions. This was spelled out to Plaintiff in the Request for Admissions.

        4.    More than 30 days have passed since the Request for Admissions were served on Plaintiff. Plaintiff has never responded to these Request for Admissions.

        **FURTHER AFFIANT SAYETH NAUGHT.**

                               Frederick A. Sewards

State of Ohio
County of Franklin        ss:

        Sworn to before me and subscribed in my presence this 17th day of December, 2021

                                Notary Public
                                My Commission Expires: 02-27-25



CARRIE E DAVIS
Notary Public
State of Ohio
My Comm. Expires
February 27, 2025

                                                    Exhibit 2