**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| ROSANNA L. MILLER | : | CASE NO: 2:21-CV--03973 |
| Plaintiff | : | JUDGE: ALGENON L. MARBLEY |
| | : | MAGISTRATE CHELSEY M. VASEURA |
| VS. | : | |
| OHIO CIVIL RIGHTS COMMISSION, *et al.,* | : | **MOTION FOR EMERGENCY PRELIMINARY INJUNCTION or TEMPORARY RESTRAINING ORDER For ADA ACCOMMODATIONS** |
| Defendants | : | |

Plaintiff Miller (Miller) moves this court for an emergency order for accommodations from masks pursuant to the American with Disabilities Act (ADA) to access medical care for her disabilities. This court has jurisdiction to grant Preliminary Injunctive Relief and/or a Restraining Order pursuant to Fed. R. Civ. 65, 42 USC § 12133, 42 USC § 12188, 28 CFR § 36.501, any and all other laws that apply. A Memorandum in support is attached.

                Respectfully

                *Rosanna L. Miller*

                Rosanna L. Miller
                10469 Westfall Road
                Amanda, Ohio 43102
                Telephone: 614-804-3963
                proverbs2828@gmail.com

**MEMORANDUM IN SUPPORT**

**1. ADA enforcement by the Department of Justice (DOJ)**

*"As a Nation, we cannot adequately respond to, and recover from, COVID-19 if we do not protect all of our neighbors. Civil rights protections and responsibilities still apply, even during emergencies. They cannot be waived."*
Pamela S. Karlan Principal Deputy Assistant Attorney General for Civil Rights
https://beta.ada.gov/notices/2021/08/25/covid-qa/

The DOJ has responsibility for the implementation and enforcement of the ADA pursuant to 42 USC § 12133-12134 and 42 USC § 12188. Under 28 U.S.C. § 517 the DOJ may be directed to attend to matters of the United States. Miller is requesting the court to invoke the DOJ to represent the interests of the ADA for State Immunity, fulfillment of mandatory ADA compliances and all other requirements that apply as they have previously intervened. Many cases of notoriety are itemized in the Table of Contents in `King v. Marion County Circuit Court` (S. Ct., 7`th` Cir.) Intervenor and Amicus at
https://www.justice.gov/crt/case-document/king-v-marion-county-circuit-court-brief-intervenor-and-amicus

**2. The search for legal counsel, medical care and disabilities**

Miller has wasted the last 3 weeks in an attempt to find legal counsel as she has attempted many times since this discrimination started in 2020. If her attempts had been in a controlled study it would probably go down in the Guinness Book of world records as the most attempts to find legal assistance with no success. The Bar Associations have been no help. As this court is probably aware it is a needle in a haystack to find attorneys to represent victims of Title II and Title III discrimination. The attorneys who practice in these particular areas appear to

only represent the government and corporate America or only practice Title I. Upon request Miller is able to send phone records for the multitude of calls she's made. This is the very reason this Motion for Relief has been delayed till now. Therefore Miller requests the court to appoint representation provided in the Pro Se Guide II. SEEKING COUNSEL. Five giants against one elderly disabled David is not a fair fight.

Miller has a walking disability that either slows or prevents her from accomplishing her *essential* Major Life Activities as outlined in her complaint to this court July 19, 2021 on page 3 in #9-10 (hereafter ECF Doc #3). It is a priority that any extra time should first be spent seeking medical care that specializes in her medical needs and offers accommodations. This doesn't leave time to be wasting by calling a multitude of attorneys only to find out that the disabled have no representation. This also leaves no time to research, read rules or procedures, write legal documents, etc.

This is now complicated with Miller's eye disability that was discovered a year ago while renewing her driver's license. It was so severe she almost lost the ability to have it renewed. The effort to get remedy from the optometrist has not been successful and is still being treated. However this doctor is offering accommodations from masks so this is possible. This disability has affected the amount of time she can remain on a computer as it becomes blinding, blurred and unreadable. This can surely be verified and confirmed with the doctor and BMV. While this disability is not involved in this case, nonetheless, it grossly limits the amount of time that can be tolerated on a computer.

If relief for medical care isn't granted soon, most likely Miller will be in a wheelchair if this case goes to a jury. Or this could result in a tragic fall or death due to the inability to walk. This is what is classified as "accident prone".

### 3. Miller's Medical Training with the Disabled and Elderly

Miller was licensed in various medical fields to care for the Developmentally Disabled and Elderly before retiring. Forcing anything on or in a patient's body would have demanded termination and prosecution for assault and/or battery. All people have a right to have control of what goes on or in their bodies. Just as those clients had a right to "just say no" so does Miller. There seems to be a double standard for the government and corporate America versus the people. Coercion is a crime to persuade someone to put something on or in their body without free informed consent against their will. The ADA was supposed to guarantee accommodations to those with disabilities. It is with great despair that people now have to petition the court to get medical treatment. (See #4 on page 2 in ECF Doc #3) "I set before you life or death, blessing or curse. Choose life, then, so that you and your descendants may live, in the love of Yahweh your God, obeying his voice" Deut. 30: 19-20. If more people lived this, less people would be victims.

### 4. Medical treatment continues to be denied

Miller's Affidavits against Title III Defendants were submitted to the Ohio Civil Rights Commission in the summer of 2020. (See EX A 1-6). These Affidavits should fulfill the requirements for Fed R. Civ. 65 (b). These outline the factual accounts of the failure to provide accommodations from the onset of this discrimination.

In or around October 2020 Miller's insurance United Health Care became involved in her attempts to acquire accommodations from masks. At the onset Defendant Mount Carmel's scheduler was willing to accommodate Miller for in-office procedures but she was again denied accommodations.

On Jan 6, 2021 Miller went to Mount Carmel Diley Road facility in an attempt to get

blood tests that were a year past due. Miller donned a face shield. Entering the building and waiting in the reception room Miller wore a face shield for 13 minutes. Thereafter Miller was escorted to the room at which point the Phlebotomist asks if Miller had a mask to put on. She wanted Miller to take off the shield and put on a mask or she said she could not give her service. This clearly is not about our health.

In or around August 2021 Miller was denied her medicine because she was refused in-office medical procedures. This was due to the fact that Mount Carmel would not make accommodations for in-office procedures without masks. Mount Carmel made a telehealth appointment to bypass the "standard of care" mandatory in-office medical protocol. This is the second time Miller has been denied her medicines. (See #29 on page 6 in ECF Doc #3)

In or around Nov. 16, 2021 Miller received a notice for an annual in-office procedure. (EX B) Thereafter Miller called to schedule that procedure, which scheduler Gina was proceeding to set. Miller explained she has been refused entry for medical care since she is denied accommodations from masks. The Scheduler said she was pretty sure Miller could access the office without a mask. Miller wanted to clear this given her walking disability makes it impossible to needlessly run around only to be refused service. After rerouting Miller's calls and being forwarded to a nurse Miller was told she could not get her procedures without wearing a mask. So she was denied the procedure again. How does wearing a mask "maintain good health" when denying all medical care, procedures and treatment?

This is a small sample of denied medical care that continues to this day. It is ongoing and will continue till someone intervenes. With past experience of being denied medical care over masks Miller has every right of expectancy that these injuries will continue and eventually morph into denied medical services unless injected with the experimental covid vax.

**5. Providing accommodations from masks would cost Defendants nothing**

Millions of people are running around without masks on. There is no law that was established by the Federal or Ohio Legislative branch that orders people to wear masks or get vaxed. Just like the Texas cases cited below, where is the authority to order these mandates? There are at least four Ohio courts that have ruled the Ohio of Department Health (ODH) orders are not authorized by law. ODH has confessed they have made no Register of Ohio changes. ODH has also confessed they did not use death certificates to count Covid deaths. So where are these numbers coming from? Even the Ohio Auditor publicly announced that ODH is padding the numbers. (See Miller's Aug 23, 2021 Motion to Deny Mount Carmel's Motion to Dismiss pages 4-5 sections #4-6, ECF Doc # 12) It is undisputed that an agency cannot act without Legislative authority. Without a truth seeking, fact finding judiciary, all justice in this world is lost. This court also has jurisdiction to grant injunctive relief pursuant to:

> 28 CFR 36.501 Private suits. (b) ***Injunctive relief.*** In the case of violations of § 36.304, § §36.308, 36.310(b), 36.401, 36.402, 36.403, and 36.405 of this part, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the Act or this part. Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by the Act or this part."

There have been many cases that have granted relief to those suffering from forced masks and vaccines. Most recently are the following:

On Dec 15, 2021 this injunction was granted for State of Texas v Xavier Becerra:

> The Court enters this Order pursuant to Rule 65 of the Federal Rules of Civil Procedure after a preliminary injunction hearing on Plaintiffs'[1] various claims against

Defendants.[2] For the following reasons, the Court GRANTS Plaintiffs' Motion for Preliminary Injunction (ECF No. 6). https://cases.justia.com/federal/district-courts/texas/txndce/2:2021cv00229/355962/53/0.pdf?ts=1639651636

and….

On Dec 31, 2021 this injunction was granted for State of Texas V Zavier Becerra:

*Texas v. Becerra*, 5:21-CV-300-H (N.D. Tex. Dec. 31, 2021)

> "Because the Court concludes that there is a substantial likelihood that the mandates do not fit within the Head Start Act's authorizing text, that HHS failed to follow the APA in promulgating the mandates, and that the mandates are **arbitrary and capricious,** the Court preliminarily enjoins their enforcement in Texas" (emphasis added)
> https://casetext.com/case/texas-v-becerra

**WHEREAS:** Until this Motion is granted Miller moves for a stay on the prescheduled deadlines and any pending motions due. Miller moves this court to grant injunctive relief or a restraining order for accommodations from masks so she can immediately access in-office medical procedures, treatments, access an ADA lawyer, invoke the DOJ to represent the ADA and all other remedy allowed by law.

Respectfully submitted,

*Rosanna L. Miller*

Rosanna L. Miller
10469 Westfall Road
Amanda, Ohio 43102
Telephone: 614-804-3963
proverbs2828@gmail.com

## CERTIFICATE OF SERVICE

Plaintiff's Motion for Injunctive Relief was electronically filed to the U.S. Southern District Court on Jan. 3, 2022, which notifies all parties and was forwarded to all by email:

Wayne D. Williams,
State Office Building, 11th Flr
615 West Superior Ave.
Cleveland, Ohio 44113
216-787-3046
Wayne.williams@ohioattorneygeneral.gov
Attorney for Defendant
Ohio Civil Rights Commission
and Melody Smith

Samuel E. Endicott
BAKER & HOSTETLER LLP
200 Civic Center Drive, Suite 1200
Columbus, Ohio 43215
614-228-1541
sendicott@bakerlaw.com
Attorney for Defendant
Mount Carmel Medical Group

Frederick A. Sewards
POLING LAW
300 E. Broad St., Ste. 350
Columbus, Ohio 43215
614-737-2900
fsewards@poling-law.com
Attorney for Defendant
Orthopedic One

Fred G. Pressley
PORTER WRIGHT
41 South High Street, Ste. 3100
Columbus, Ohio 43215
614-227-2000
fpressley@porterwright.com
Attorney for Defendant
Gahanna Physical Therapy

*Rosanna L. Miller*
_____
Rosanna L. Miller