IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **ROSANNA L. MILLER,** : | |
| : | |
| Plaintiff, : | Case No. 2:21-cv-03973 |
| : | |
| v. : | Chief Judge Algenon L. Marbley |
| : | |
| **OHIO CIVIL RIGHTS COMMISSION, et al.,** : | |
| : | Magistrate Judge Vascura |
| Defendants. : | |

**OPINION & ORDER**

This matter comes before the Court on Defendant Ohio Civil Rights Commission's (the "Commission"), Melody Smith's (collectively, the "Commission Defendants") Motion to Dismiss (ECF No. 14); and Orthopedic One's Motion for Summary Judgment (ECF No. 22). For the reasons set forth more fully below, this Court **GRANTS** the Commission Defendants' Motion to Dismiss (ECF No. 14), and Orthopedic One's Motion for Summary Judgment. (ECF No. 22).

**I. BACKGROUND**

The Court incorporates by reference the facts and procedural background set forth in its previous Order denying Plaintiff's Motion for Temporary Restraining Order. (ECF No. 29; Opinion & Order). The relevant procedural history follows. After this action was removed to federal court, Plaintiff proceeding pro se filed her Complaint on July 20, 2021. (ECF Nos. 1, 7). There, Plaintiff asserts several legal theories, including challenges to Defendants' conduct via[1] 42 U.S.C. §§ 12182, 12203 and existing state law analogues, Ohio Revised Code § 4112.02(G); 42 U.S.C. § 12102(A)–(C), OAC 4112-5-02(H), Ohio Revised Code 4112.01(A)(13), and 28 CFR §

---

[1] Plaintiff cites to various sections of the relevant laws and regulations, often to sections that do not provide for a private right of action. For example, Plaintiff liberally cites the definition section of 28 C.F.R. Part 36. This Opinion will attempt to translate her comprehensive pleading approach.

1

35.108 *et. seq.*; federal informed consent regulations under 45 C.F.R. § 46.116; Ohio's promulgation of emergency mask orders under Revised Code § 119.03(G); and a relief provision under 28 C.F.R. § 36.504.

On July 27, 2021, Orthopedic One filed its Answer. (ECF No. 9). Subsequently, the Commission Defendants timely filed its Motion to Dismiss (ECF No. 14), and Orthopedic One timely filed its Motion for Summary Judgment (ECF No. 22). After retaining counsel, Plaintiff's attorney filed his Notice of Appearance on February 05, 2022. (ECF No. 31). This Court then granted counsel additional time to respond to the previously filed Motion to Dismiss and Motion for Summary Judgment. (ECF No. 41).

Plaintiff timely filed her Response in Opposition to both outstanding Motions. (ECF Nos. 44, 47). Both Defendants timely filed their Replies. (ECF Nos. 46, 49). Defendants' Motions are now ripe for review.

## II. STANDARD OF REVIEW

Rule 12(b)(1) provides that a defendant may move to dismiss based on a court's lack of jurisdiction over the subject matter of the case. Jurisdiction in the federal courts is limited: it may be based on a federal question, which is one "arising under the Constitution, laws, or treaties of the United States," or on diversity of citizenship where the sum in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332. The plaintiff has the burden of proving subject matter jurisdiction when it is challenged under Rule 12(b)(1). *Rogers v. Stratton Indus.*, 798 F.2d 913, 915 (6th Cir. 1986). Where a motion to dismiss presents alternative arguments, such as improper venue or failure to state a claim, the court must address subject matter jurisdiction first. *City of Heath v. Ashland Oil, Inc.*, 834 F. Supp. 971, 975 (S.D. Ohio 1993) (citing *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)).

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint for a failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, "the plaintiff must allege facts that, if accepted as true, are sufficient to raise a right to relief above the speculative level and to state a claim to relief that is plausible on its face." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)) (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). And although the court "must accept all well-pleaded factual allegations in the complaint as true," the court "need not accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555) (internal quotations omitted). Finally, "[t]he defendant has the burden of showing that the plaintiff has failed to state a claim for relief." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Raymond v. Avectus Healthcare Sols., LLC*, 859 F.3d 381, 383 (6th Cir. 2017); *Taylor v. City of Saginaw*, 922 F.3d 328, 331 (6th Cir. 2019).

Federal Rule of Civil Procedure 56(a) provides, in relevant part, that summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." In evaluating such a motion, the evidence must be viewed in the light most favorable to the nonmoving party, and all reasonable inferences must be drawn in the non-moving party's favor. *United States Sec. & Exch. Comm'n v. Sierra Brokerage Servs., Inc.*, 712 F.3d 321, 327 (6th Cir. 2013) (citing *Tysinger v. Police Dep't of City of Zanesville*, 463 F.3d 569, 572 (6th Cir. 2006)). This Court then asks "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party

must prevail as a matter of law.'" *Patton v. Bearden*, 8 F.3d 343, 346 (6th Cir. 1993) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 251–52 (1986)). "[S]ummary judgment will not lie if the dispute is about a material fact that is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. Evidence that is "merely colorable" or "not significantly probative," however, is not enough to defeat summary judgment. *Id.* at 249–50.

On a motion for summary judgment, the initial burden rests upon the movant to present the Court with law and argument in support of its motion as well as identifying the relevant portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56). If this initial burden is satisfied, the burden then shifts to the nonmoving party to set forth specific facts showing that there remains a genuine issue for trial. *See* Fed. R. Civ. P. 56(e).

### III. LAW & ANALYSIS

#### A. Motion to Dismiss

The Commission moves to Dismiss on three bases under Rule 12(b): lack of subject matter jurisdiction under (1); failure to state a claim under (6); and improper service of process under (5). (ECF No. 14). The Court addresses these arguments in turn.

##### 1. 12(b)(1)

###### a. *§ 1983*

First, to the extent Plaintiff asserts a claim under 42 USC § 1983, the Commission Defendants argue they are either: (1) excluded by definition as to those a Plaintiff can assert a §1983 suit against; or (2) otherwise immune from suit. The Commission construes Plaintiff's Complaint as potentially asserting a § 1983 claim when she states that "[r]espondents are

4

individually and collectively … engaged in and continue to be engaged in, a pattern and practice of deliberately … retaliatory/coercive acts and conduct in violation of the Petitioner's Federal rights." (*Id.* at 4) (citing ECF No. 7 at 7). Assuming that Plaintiff intended to assert a claim on this basis, the Commission Defendants correctly states that they cannot be sued via this vehicle.

Plaintiff does not respond directly to the Commission Defendants' arguments regarding the applicability of §1983. Instead, she lodges a general critique that the Commission Defendants' motion was "founded on the assumption that the claims arose out of § 1983, granting the motion to dismiss on these grounds would be inappropriate under the applicable ADA law." (*Id.*). These non-responsive assertions, however, do little to disturb the Commission Defendants' arguments.

The Commission Defendants correctly articulate the law: "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Gean v. Hattaway*, 330 F.3d 758, 766 (6th Cir. 2003) ("[t]he need for this court to undertake a broad sovereign immunity analysis with respect to the § 1983 claims is obviated by the fact that the defendants in their official capacities are not recognized as "persons" under § 1983."). Generally, absent either a waiver from the state or Congress's abrogation of the state's immunity pursuant to section 5 of the Fourteenth Amendment, such suits are barred by the Eleventh Amendment. *Will*, 491 U.S. at 66. (citing *Welch v. Texas Dept. of Highways and Public Transportation*, 483 U.S. 468, 472–473 (1987) (plurality opinion)). But "[e]ven if [Ohio's] sovereign immunity has been properly waived or abrogated for the purposes of the federal statute the defendants allegedly violated, a § 1983 claim against the defendants in their official capacities cannot proceed because, by definition, those officials are not persons under the terms of § 1983." *Gean*, 330 F.3d at 767 (6th Cir. 2003). Accordingly, this Court need not address the Defendants' arguments as to immunity because to the extent Plaintiff asserts a § 1983 against

5

the Commission Defendants, it fails as a matter of law. The Commission Defendant's Motion to Dismiss on this claim is **GRANTED**.

### b. *Judicial Review of Commission's Investigation*

The Commission Defendants also argue that to the extent Plaintiff seeks judicial review of its "no probable cause" decision, this Court lacks jurisdiction. Plaintiff does not respond to this argument.

The Commission Defendants argument is well taken. *Gilbert v. Correction Reception Ctr.*, No. 2:07-CV-624, 2008 WL 4347231 (S.D. Ohio Sept. 19, 2008) ("[T]o the extent Plaintiff challenges the OCRC's "no probable cause" determination and the adequacy of the investigation leading up to it, this Court lacks jurisdiction to consider his claim."). Under Ohio Revised Code § 4112.06 "Judicial Review," the statute confers exclusive jurisdiction upon Ohio courts. Specifically, section (A) provides:

> Any complainant, or respondent claiming to be aggrieved by a final order of the commission, ***including a refusal to issue a complaint***, may obtain judicial review thereof, and the commission may obtain an order of court for the enforcement of its final orders, in a proceeding as provided in this section. Such proceeding shall be brought in the common pleas court of the state within any county wherein the unlawful discriminatory practice which is the subject of the commission's order was committed or wherein any respondent required in the order to cease and desist from an unlawful discriminatory practice or to take affirmative action resides or transacts business.

Ohio Rev. Code § 4112.06(A) (emphasis added). Section (F) follows, stating "[t]he jurisdiction of the court shall be exclusive and its judgment and order shall be final subject to appellate review." Ohio Rev. Code § 4112.06 (F). Federal courts in this state have held that the statutory language above, when read together, does not allow this Court to hear such challenges. ("[F]ederal district courts have neither original jurisdiction nor removal jurisdiction over the review proceedings.")

6

*Shoemake v. Mansfield City Sch. Dist. Bd. of Educ.*, 61 F. Supp. 3d 704 (N.D. Ohio 2014); *Walker v. Cognis Oleo Chemical, LLC*, 2008 WL 2705190 (S.D. Ohio July 9, 2008); *Hayner v. City of Washington Court House*, 2007 WL 38136 at *3–4 (S.D. Ohio Jan. 4, 2007); *see also Ingram v. OCRC*, 67 Ohio App.3d 648, 588 N.E.2d 162, 163 (1990); *Ohio Civil Rights Comm'n v. Ingram*, 69 Ohio St.3d 89, 630 N.E.2d 669, 672 (1994).

Accordingly, the Commission Defendants' Motion to Dismiss on this basis is **GRANTED**.

*2. 12(b)(6)*

Second, the Commission Defendants argue Plaintiff fails to state any claim against them, let alone one under Title II of the ADA and state analogues. Even putting aside the series of confusing citations to the definition section of Title II as well as similar state statutes and regulations, the Commission Defendants maintain that Plaintiff does not notify them of the improper conduct in which they allegedly engaged. Moreover, to the extend she challenges their internal investigation process, this is not cognizable under the statutes and regulations Plaintiff cites.

Rather than meet Defendants' argument with any specificity, Plaintiff asserts that her Complaint contained sufficient factual allegations to entitle her to relief. (ECF No. 44 at 3). Additionally, she concludes by adding the conclusory declaration that "allowing 'telehealth services' upon Plaintiff whose disability is protected under the ADA [is] in violation of Title II." (*Id.*).

As a threshold matter, it is helpful to review the statutes and regulations cited by Plaintiff in her Complaint. In Count 1, she cites various sections of federal and state statues and regulations, including 42 U.S.C. § 12102 (1)–(2); 28 C.F.R. § 35.108; Ohio Revised Code § 4112.01(A)(13); and Ohio Administrative Code § 4112-05-02(H). Each of these citations, as the Commission

7

Defendants assert, are to the definition section of each statute or regulation, providing the relevant definition of "disability." For example, 42 U.S.C. § 12102(1) provides:

> (1) Disability. The term "disability" means, with respect to an individual—(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment (as described in paragraph (3)).

42 U.S.C. § 12102.

To state a claim under Title II of the Americans with Disabilities Act, a plaintiff must show: "(1) that she is a qualified individual with a disability; (2) that she was excluded from participation in a public entity's services, programs, or activities or was otherwise discriminated against; and (3) that such exclusion or discrimination was by reason of her disability." *Bedford v. Michigan*, 722 F. App'x 515, 518 (6th Cir. 2018) (citing *Anderson v. City of Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015)).

Assuming Plaintiff is able to meet the first element above, her Title II claim fails on the second and third elements. She does not claim she was excluded or discriminated against on the basis of her disability. Simply put, she asserts no facts that even suggest that she was treated differently than any other complainant that interacts with the Commission. For this reason alone, her claim fails. Moreover, Plaintiff fails to assert that she has been "excluded from participation … or was otherwise discriminated against" by the Commission. Rather, what Plaintiff appears to characterize as discriminatory conduct is instead her taking issue with the investigatory process of the Commission and its decision not to take any action against her healthcare providers.

For example, she claims that because she "clearly qualifies for a disability," that the Commission should have simply taken her word for it. When the Commission requested Plaintiff's health information to discern, in part, whether she was discriminated against on the basis of her

8

disability, Plaintiff rejected this request. Instead, Plaintiff asserts that she "would have gladly agreed to a physical endurance test." It is unclear whether Plaintiff communicated this alternative to the Commission.

In any event, however, how the Commission gathers evidence, makes its determinations, and ultimately decides whether to pursue legal action is a matter of Ohio law. Plaintiff's disagreement with these underlying processes or the Commission's eventual decision not to sue her healthcare providers cannot, without more, sustain a discrimination charge. Indeed, as the Commission Defendants have asserted, there is an existing device for challenging such decisions: seeking judicial review in Ohio's state courts.

The federal and state law claims of discrimination are **DISMISSED** and Plaintiff's challenge of the Commission's decision is **REMANDED** to the Franklin County Court of Common Pleas.

### 3. 12(b)(5)

Finally, the Commission Defendants move to Dismiss under 12(b)(5) for improper service of process. Because this Court **GRANTS** the Commission's Motion to Dismiss on an independent basis, there is no need for this Court to consider its 12(b)(5) argument.

### B. Motion for Summary Judgment

Orthopedic One moves this Court for Summary Judgment on Plaintiff's claims, including her ADA claims; alleged violations of federal informed consent regulations; challenge of the state of Ohio's mask orders; and action under 28 C.F.R. § 36.504. In her Response in Opposition, Plaintiff responds to only one claim: her reasonable modification theory under the ADA.

There, Plaintiff devotes a significant amount of her briefing toward demonstrating she is disabled under the ADA and that Orthopedic One is an entity covered by Title III of the ADA.

9

Additionally, Plaintiff demonstrates that the test the Court should employ from *Access Ctr. for Indep. Living v. WP Glimcher, Inc.* is undisputed by the parties. *See* No. 3:15-CV-444, 2018 WL 2763453, at *4 (S.D. Ohio June 8, 2018). Instead, Plaintiff disputes whether "telehealth visits" offered by Orthopedic One are a reasonable accommodation under the test articulated in *WP Glimcher*, *Inc.* 2018 WL 2763453, at *4.

Although it is well-settled "that a motion for summary judgment may be filed prior to discovery," the thrust of Rule 56(b) is to ensure that "the non-moving party has had **sufficient time to engage in discovery**." *Jefferson v. Chattanooga Pub. Co.*, 375 F.3d 461, 463 (6th Cir. 2004) (citing Fed R. Civ. P. 56(b) and *White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 232 (6th Cir. 1994) (emphasis added)). As identified by the Sixth Circuit, this value is reflected in Rule 56(d): "[t]he purpose behind Rule 56(d) is to ensure that plaintiffs receive 'a full opportunity to conduct discovery' to be able to successfully defeat a motion for summary judgment.'" *Doe v. City of Memphis*, 928 F.3d 481, 490 (6th Cir. 2019). Yet, it is the non-moving party's burden to invoke the protection of this rule. As the Sixth Circuit held in *Jefferson v. Chattanooga Pub. Co.*:

> Furthermore, [non-movant] never indicated, as Rule 56[] requires, that he did not have a sufficient opportunity for discovery. Rule 56[] provides that a party opposing a motion for summary judgment is allowed to claim an inability to present facts essential to justify its opposition to summary judgment, and in certain cases the district court may postpone the motion and permit further discovery. It is up to the party opposing the motion to take advantage of Rule 56[], however, and to state why more discovery is needed.

375 F.3d 461, 463 (6th Cir. 2004) (Rule 56(f) was renumbered as Rule 56(d) as a part of the 2010 Amendments to the Federal Rules of Civil Procedure).

Here, Plaintiff not only fails to invoke the protection of 56(d), she instead, affirmatively argues against Orthopedic One's Motion for Summary Judgment on the merits. Although this

10

Court is cognizant of special considerations taken for *pro se* litigants, Plaintiff has been represented since the beginning of February in the matter. More importantly, it was Plaintiff's counsel, not Plaintiff that filed the Response in Opposition to Orthopedic One's Motions for Summary Judgment. As such, Orthopedic One's Motion for Summary Judgment is ripe for review.

To support its Motion, Orthopedic One contends that because Plaintiff failed to answer Orthopedic One's properly served Request for Admissions, this Court must treat those facts as admitted. Rather than argue against this result, Plaintiff concedes that she already admitted these facts. (*See* ECF No. 43 at 8) (citing ECF No. 22 at 3–6 and ECF No. 23-1 at 1–2) ("Since Plaintiff admitted to these facts, and Orthopedic One acknowledged these facts as admitted by Plaintiff, there is no disputing that Plaintiff was diagnosed and treated at Orthopedic One for Plaintiff's walking disability."). Plaintiff then criticizes an apparent inconsistency between the denial of a factual allegation in Orthopedic One's Answer and the facts as presented in the Request for Admissions: namely, whether Plaintiff was denied in-person medical treatment on April 24, 2020. The purported inconsistency appears to be one of merely semantics.

In its Answer, Orthopedic One denies that it refused medical treatment to Plaintiff on the day in question "for want of knowledge." Orthopedic One then notes in its Motion for Summary Judgment that it offered Plaintiff in-person medical treatment, but only if she agreed to wear a mask. This discrepancy is entirely resolved by Orthopedic One's Reply. There, Orthopedic One explains it lacked knowledge of Plaintiff's allegation because Plaintiff refers to "Resp III" as the alleged actor in paragraph 14 of the Complaint—where Plaintiff asserts that she was denied medical treatment—but fails to define that term. This, however, appears to be a typo by Plaintiff as paragraph 6 of the Complaint defines Orthopedic One, among others, as "Resp II" when it likely should have read "Resp III." Thus, Orthopedic One's Answer and then seemingly contradictory

11

Request for Admission discussing Plaintiff's denial of service when she refused to wear a mask is easily reconciled. For purposes of this motion, it is evident the parties do not dispute this fact.

Additionally, Plaintiff's assertion that a genuine dispute of material fact exists as to the accommodation offered by Orthopedic One is irrelevant. As is undisputed by the parties, Plaintiff is required to show that her requested accommodation of "no mask" was "(1) reasonable; [and] (2) necessary" under *Access Ctr. for Indep. Living v. WP Glimcher, Inc.* 2018 WL 2763453, at *4. As this Court found in its Order and Opinion granting Defendants Mount Carmel's and Cornerstone's Motions to Dismiss, Plaintiff failed to meet this burden.[2] Accordingly, absent a genuine dispute of material fact and Plaintiff's inability to state a claim, Orthopedic One's Motion for Summary Judgment on Plaintiff's Reasonable Modification theory under the ADA is **GRANTED**.

Notably, this is the only argument Plaintiff chose to oppose in her Response. As such, Orthopedic One is entitled to Summary Judgment on any remaining claims on two bases: (1) waiver; and (2) because she fails to state a claim upon which relief can be granted. First, "[a] plaintiff's failure to address a claim in response to a motion for summary judgment on that claim 'demonstrates abandonment and waiver of the claim.'" *Hua v. Home Depot U.S.A., Inc.*, 452 F. Supp. 3d 698, 704 (E.D. Mich. 2020) (citing *Brown v. VHS of Michigan, Inc.*, 545 F. App'x 368, 372 (6th Cir. 2013) ("[A] plaintiff is deemed to have abandoned a claim when a plaintiff fails to address it in response to a motion for summary judgment."); *Clark v. City of Dublin, Ohio*, 178 F. App'x 522, 525 (6th Cir. 2006) (same)); *Ramirez v. Bolster & Jeffries Health Care Grp., LLC*, 277 F. Supp. 3d 889, 907 (W.D. Ky. 2017); *Mullenix v. Eastman Chem. Co.*, 237 F. Supp. 3d 695, 710 (E.D. Tenn. 2017)). While a Court may not "grant summary judgment simply because the

---

[2] Plaintiff erroneously attempts to apply this test to the alternative offered by Orthopedic One, an argument that would shift the burden to Orthopedic One to demonstrate that its alternative was reasonable.

nonmovant has not responded," the Court may grant such a motion when the Court "carefully examine[s] [that motion] to ensure that the moving party has discharged its burden of showing an absence of disputed material facts." *Mullenix*, 237 F. Supp. 3d at 710. Here, the only facts relied upon by Orthopedic One are expressly conceded by Plaintiff. Thus, Summary Judgment is appropriate on these abandoned claims.

Next, Plaintiff's claims fail on the merits. Though Orthopedic One moves for Summary Judgment rather than a Motion to Dismiss like the other Resp III Defendants, the arguments are similar. In *Jefferson v. Chattanooga Pub. Co.,* the Sixth Circuit considered a similar scenario. 375 F.3d 461 (6th Cir. 2004). There, Plaintiff opposed a similarly early Motion for Summary Judgement: it too was within six months of the movant's Answer and before discovery.[3] *Id.* at 463. The Court considered Plaintiff's three arguments in opposition. *Id.* Plaintiff argues initially that Defendant's motion "merely stated that '[Plaintiff] failed to state a claim ... and ... failed to allege facts on which relief may be granted.'" *Id.* Then, Plaintiff asserted that "the motion lacked documentary support and thus did not satisfy the movant's burden under Rule 56(c)." *Id.* And finally, "the district court should have converted the motion to a Rule 12(b)(6) motion because it was filed prior to discovery." *Id.*

The Sixth Circuit responded to the first two arguments by "reject[ing] [them] summarily." The Court stated, "to meet its burden as the moving party in a motion for summary judgment, [Defendant] needed only to state that there is an absence of facts or evidence to support [Plaintiff's] claims." *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) and *Elkins v. Richardson–Merrell, Inc.*, 8 F.3d 1068, 1071 (6th Cir. 1993)). Because the Court found that Defendant's

---

[3] Here, Orthopedic One served a Request for Admissions but otherwise the party's have not engaged in any other Discovery.

motion for summary judgment "states that [Plaintiff] failed to allege facts on which relief may be granted[, Defendant] satisfied its burden." *Id.*

Orthopedic One's motion states "Plaintiff did not allege facts in her Complaint that demonstrate Orthopedic One failed to make a reasonable accommodation." (ECF No. 22 at 2). Orthopedic One's Motion for Summary Judgment arguments do not materially differ from Mount Carmel's and Cornerstone's Motions to Dismiss. Absent the benefit of opposition briefing by Plaintiff to these remaining claims, this Court adopts its conclusions from its recent Order and Opinion dismissing each of Plaintiff's claims against the other healthcare providers. (*See* Opinion and Order, ECF No. 53).[4] As the Sixth Circuit recognized in *Jefferson v. Chattanooga Pub. Co.*, if a Plaintiff cannot state a claim, that claim cannot survive summary judgment. *See* 375 F.3d 461 (6th Cir. 2004). Accordingly, Orthopedic One's Motion for Summary Judgment is also **GRANTED** for all remaining claims: Retaliation under the ADA; alleged informed consent violations; the illegality of the State of Ohio's pandemic-era Mask Executive Orders; and 28 C.F.R. § 36.504.

## IV. CONCLUSION

For the foregoing reasons, this Court **GRANTS** the Commission Defendants' Motion to Dismiss (ECF No. 14), and **GRANTS** Orthopedic One's Motion for Summary Judgment. (ECF No. 22). To the extent Plaintiff asserts a claim for judicial review of the Commission's "no

---

[4] This Court found that Plaintiff failed to state a claim against both Mount Carmel and Cornerstone Therapy concerning (1) alleged violations of informed consent laws because, among other things, she admits she never wore a mask; (2) any action under 28 C.F.R. § 36.504 because that regulation does not provide a private right of action; and (3) Plaintiff's challenge of Ohio's Executive Orders regarding mask-mandates because these Defendants are not the state. Finally, although it does not appear that Plaintiff was asserting a Retaliation claim under the ADA against Orthopedic One, to the extent she does, it fails because she does not allege a causal connection.

probable cause" decision, that claim is **REMANDED** to the Franklin County Court of Common Pleas.

    **IT IS SO ORDERED.**

                                                    _____
                                                  **ALGENON L. MARBLEY**
                                                  **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: April 8, 2022**